UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>$383,960.00 IN U.S. CURRENCY, $218,937.33 IN FUNDS SEIZED FROM BANK OF AMERICA ACCOUNT NUMBER ENDING '5501, AND $129,437.94 IN FUNDS SEIZED FROM BANK OF AMERICA ACCOUNT NUMBER ENDING '9165,<br><br>        Defendants. | CV No.  8:21-CV-01255-CJC-ADS<br><br>**CONSENT JUDGMENT** |

    Plaintiff United States of United States of America (the "government") and claimants John Goldberg ("Goldberg"), OceanView Accounting, Inc., and Long Beach Auto Detail, Inc. ("Claimants," and collectively with the government, the "Parties"), have made a stipulated request for the entry of this Consent Judgment.

    The Court, having considered the stipulation of the parties, and good cause appearing therefor, HEREBY ORDERS, ADJUDGES AND DECREES:

    1.   This Court has jurisdiction over the subject matter of this action and the parties to this Consent Judgment of Forfeiture.

2. The Complaint for Forfeiture states a claim for relief pursuant to 21 U.S.C. § 881(a)(6) and 21 U.S.C. § 981.

3. Notice of this action has been given and published as required by law.

4. The defendant assets in this action consist of:

  a. $383,960.00 in U.S. Currency, seized by California Highway Patrol ("CHP") officers on November 9, 2020, during a vehicle search (the "defendant currency");

  b. $218,937.33 in funds seized from Bank of America account number ending 5501 on or about February 8, 2021, held in the name of Ocean View Accounting, Inc.;

  c. $129,437.94 in funds seized from Bank of America account number ending 9165 on or about February 8, 2021, held in the name of Long Beach Auto Detail (collectively with the $218,937.33 in bank funds seized from Bank of America account number ending in 5501 identified above, the "defendant funds").

5. All potential claimants to the defendant currency and the defendant funds other than Claimants are deemed to have admitted the allegations of the Complaint for Forfeiture to be true with respect to the defendant currency and the defendant funds.

6. The defendant funds shall be returned to Claimants through counsel, plus any interest earned by the government on the entirety of the defendant funds since seizure.

7. The government shall have judgment as to the defendant currency, plus any interest earned by the government on the entirety of the defendant currency since seizure, and no other right, title or interest shall exist therein. The government shall dispose of the defendant currency in accordance with law.

8. The funds to be returned to Claimants shall be paid by electronic transfer or check. Claimants shall designate one Claimant to provide all information and complete all documents requested by the government to facilitate the transfer including, without limitation, providing such claimant's social security or taxpayer identification number, the identity of the bank, and the bank's address, account name, account number, account type and routing number for the account to which the transfer of funds is to be made.

9. There was reasonable cause for the seizure of the defendant currency and defendant funds and institution of these proceedings. This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465. Claimants did not substantially prevail in this action, and the parties hereto shall bear their own attorneys fees and costs.

Dated: November 30, 2022

HON. CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

**CC: FISCAL**

3

Presented by:

E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section


     /s/
DAN G. BOYLE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA